UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
AJMEL A. QUERESHI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393

March 18, 2026

LETTER TO COUNSEL

RE: *Carmen F. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. AAQ-25-0001

Dear Counsel:

On January 1, 2025, Plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Social Security Act. ECF No. 1. The Court has considered Plaintiff's Motion for Summary Judgment and the Opposition, ECF Nos. 13, 15, and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, for the reasons discussed below, the Court shall grant Plaintiff's Motion and remand this case for further consideration in accordance with the analysis and conclusions below.

## I.     The History of this Case

Plaintiff filed her claim for Title II disability insurance benefits and Title XVI social security income on October 29, 2021, initially alleging a disability beginning on April 1, 2019. ECF No. 10-3, at 18. The Social Security Administration denied Plaintiff's claim initially and on reconsideration. *Id*. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which the ALJ held via telephone on February 13, 2024. *Id*. At the hearing, the claimant amended her alleged onset date to June 23, 2021, which is the day after Plaintiff's previous SSA claims were denied. *Id.* at 18, 30; *see also* ECF No. 10-4, at 2–18.

After the hearing, the ALJ determined Plaintiff did not have a disability, as the Social Security Act defines it, from the onset date of June 23, 2021, to Plaintiff's last date insured, March 31, 2022. ECF No. 10-3, at 35. The Appeals Counsel, subsequently, denied Plaintiff's request for review. *Id.* at 2. Since the Appeals Council denied Plaintiff's request for review, the ALJ's decision reflects the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff has the severe impairments of

> obesity, asthma, degenerative disc disease of the cervical spine with stenosis and radiculopathy; degenerative disc disease of the lumbar spine with radiculopathy; coccydynia status post coccygectomy;

*Carmen F. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. AAQ-25-0001
March 19, 2026
Page 2

> bilateral carpal tunnel syndrome; bilateral knee degenerative joint
> disease; right lateral epicondylitis; right hip trochanteric bursitis;
> right shoulder bursitis; patellar tendinitis of the left knee; major
> depressive disorder; bipolar 1 disorder; generalized anxiety
> disorder; panic disorder; adjustment disorder; and post-traumatic
> stress disorder (PTSD)[.]

ECF No. 10-3 at 21.  The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.*

The ALJ next determined Plaintiff's Residual Functional Capacity ("RFC").  In determining Plaintiff's RFC, the ALJ began by considering her testimony that, among other things, she: 1) "has trouble grasping objects" due to carpal tunnel syndrome in both arms; 2) "has trouble walking and standing for long periods"; 3)"has had two surgeries in her left knee" and plans to have another surgery on her left knee due to "bones not connecting"[1]; 4) "has sharp stabbing pain due to her chronic pain"; 5) "uses a cane, walker, and brace"; 6) has "pain in her low back [that] travels down her right leg to her ankle and left leg into her foot"; 7) "cannot sit long due to back pain"; and 8) has depression, anxiety, and PTSD which prevent her from sleeping well and impedes her concentration and focus.  *Id.* at 25–26.

After reviewing the evidence, the ALJ found that the claimant's "medically determinable impairments" could reasonably be expected to produce her alleged symptoms, but the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record.  *Id.* at 25.  For instance, the ALJ noted that Plaintiff stated that she "sometimes" uses a "cane or walker" due to knee pain, but "there is no evidence in the record that she requires an assistive device."  ECF No. 10-3, at 29.  However, the ALJ later cited two instances where a medical provider recommended Plaintiff use assistive devices: 1) on July 27, 2021, while recovering from the first of her left knee surgeries, ECF No. 10-8, at 535 (doctor telling Plaintiff it was important not to fall after her knee surgery and she should therefore use "at least a cane to ambulate"); and 2) in Plaintiff's subsequent November 2022 left knee surgery postoperative plan, ECF No. 10-10, at 41 ("[Plaintiff] will utilize a walker with a hinged knee brace locked in extension.").

The ALJ listed additional evidence in the medical record that he believed undermined Plaintiff's claim that she "uses a cane or walker sometimes."  ECF No. 10-3, at 29.  The ALJ noted that some months after her second left knee surgery, her doctor documented that her "left knee was functioning very well."  ECF No. 10-10, at 19.  However, the ALJ did not mention that, in this

---

[1]Plaintiff has had three surgeries on her left knee: on June 14, 2021, for reduction of patellar fracture with retinacular disruption; on November 30, 2022, for a left distal pole patellar fracture nonunion; and on January 4, 2023, to correct the patellar fracture that the previous, November 30, 2022, surgery failed to fix.  ECF No. 10-8, at 535; ECF No. 10-10, at 32, 35–38.

*Carmen F. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. AAQ-25-0001
March 19, 2026
Page 3

same record, Plaintiff expressed experiencing "low-level intermittent pain" in her left knee, right knee pain that is "constant," and "lateral hip pain that travels distally." *Id*. The ALJ acknowledged that Plaintiff's "orthopedist noted that her right knee pain likely was due to overuse because of left knee deficits." ECF No. 10-3, at 29. The ALJ also noted that in December 2021, Plaintiff was assessed to have "some lower extremity weakness on the left, but . . . had a normal gait." *Id*.

The ALJ also found Plaintiff's alleged "significant limitations due to neck and low back pain" to be inconsistent with the medical record. *Id*. The ALJ observed that Plaintiff had "a full range of motion of her cervical spine"; "had 5/5 strength in her upper extremities, including grip strength" and "had normal range of motion of her lumbar spine[.]" *Id*. (citing ECF No. 10-9, at 56, 57). The ALJ also noted that Plaintiff reported some pain relief from cervical spine injections. *Id*. (citing ECF No. 10-9, at 59). In March of 2020, Plaintiff had surgery to remove her coccyx, and according to the ALJ, "she did not appear to complain much about pain after the procedure." *Id*. Nowhere in the discussion of Plaintiff's need to use assistive devices to walk or her "significant limitations due to neck and low back pain" does the ALJ assess Plaintiff's ability to walk, stand, and sit for a full workday.

The ALJ proceeded to discuss medical opinions in the record and how much weight he gave each opinion. Two state agency medical consultants determined that Plaintiff was able to perform light work with some restrictions related to climbing, balancing, stooping, kneeling, crouching, and crawling. ECF No. 10-3, at 30, 31. The ALJ found these reports "partially" and "mostly" persuasive. *Id*. Notably, while both medical consultants assessed that Plaintiff could stand and/or walk and sit for a total of six hours in an eight-hour workday, the ALJ did not discuss this assessment and why he did or did not find it persuasive given the conflicting evidence in the record. ECF No. 10-4, at 36, 48–49. Additionally, both assessments were written before Plaintiff's last knee surgery. *Id.*; ECF No. 10-10, at 32. The ALJ did not find persuasive the assessments of two treating providers who opined that Plaintiff had severe limitations on how long she could sit, stand, and walk. ECF No. 10-3, at 32; *see also* ECF No. 10-9, at 38–42 (Dr. Cestare determining that Plaintiff is limited to sitting and standing or walking for fifteen minutes at a time for less than two hours in an eight-hour workday); *id.* at 65–69 (Dr. Mathew finding that Plaintiff can sit twenty minutes at a time for less than two hours in an eight-hour workday and can stand or walk ten minutes at a time for less than two hours in an eight-hour workday).

Based on the evidence, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to

> perform light work[2], as defined in 20 CFR [§] 404.1567(b), except that she can frequently operate hand controls, reach, push, pull,

---

[2] Light work is defined in the regulations as work that involves:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the

*Carmen F. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. AAQ-25-0001
March 19, 2026
Page 4

> handle, finger, and feel with both upper extremities. She can occasionally push or pull or operate foot controls with both lower extremities. She can occasionally kneel, crouch, stoop, balance, and crawl, as defined in the Selected Characteristics of Occupations of the DOT, and can occasionally climb stairs and ramps. She can never climb ladders, ropes, and scaffolds, and can never be exposed to unprotected heights and moving mechanical parts. She can have occasional concentrated exposure to atmospheric conditions, as defined in the Selected Characteristics of Occupations of the DOT. She can tolerate occasional exposure to extreme cold and vibration. In addition, she can understand, carry-out, and remember simple instructions, and use judgment to make simple work-related decisions. She can occasionally interact with supervisors and co-workers, and can never interact with the public. She can deal with occasional changes in a routine work setting.

ECF No. 10-3, at 24–25. The ALJ provided some limited reasoning for his conclusions. First, he determined that her "physical impairments limit her to light work with frequent use of the upper extremities due to degenerative disc disease, carpal tunnel syndrome, and shoulder issues." *Id*. at 33. The ALJ found she can only occasionally push, pull, or operate foot controls with her lower extremities because of her "knee issues." *Id.* He provided no explanation why Plaintiff can only occasionally kneel, crouch, stoop, balance, crawl and climb stairs and ramps. *Id.* "Due to obesity," Plaintiff can experience no exposure to hazards and only occasional exposure to vibration. *Id.* According to the ALJ, "[Plaintiff's] normal upper extremity strength and mostly normal lower extremity strength indicate that she could have performed work within these limits prior to the date last insured." *Id.* Relevant to Plaintiff's present challenge, the ALJ's RFC did not explicitly discuss Plaintiff's ability to sit, stand, or walk.

Based on this RFC, the ALJ determined that Plaintiff was able to perform past relevant work as a mail clerk. *Id*. Alternatively, the ALJ concluded that Plaintiff was capable of performing

> weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If [the claimant] can do light work, . . . [they] can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

*Carmen F. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. AAQ-25-0001
March 19, 2026
Page 5

other work which existed in significant numbers in the national economy.  *Id.* at 34–35.  As a result, the ALJ denied Plaintiff's claim for disability benefits.  *Id.* at 35.

## II.    Plaintiff's Arguments on Appeal

Plaintiff raises two arguments on appeal.  Plaintiff argues that the ALJ: (1) erroneously assessed Plaintiff's RFC; and (2) failed to properly evaluate Plaintiff's subjective complaints.  ECF No. 13, at 7–15.

Plaintiff argues the ALJ failed to properly assess Plaintiff's RFC because the ALJ did not: (1) perform a function-by-function assessment of Plaintiff's ability to perform the physical and mental demands of work; (2) assess Plaintiff's ability to perform work-related activities eight hours per day, five days per week; (3) provide a narrative discussion; (4) evaluate pertinent evidence, specifically that Plaintiff had a patellar fracture with retinacular disruption in her left knee; and (5) explain how a moderate limitation in adapting and managing oneself factored into his RFC assessment.  *Id.* at 7–23.

A claimant's RFC represents "the most [they] can still do despite [their] limitations." 20 C.F.R. § 404.1545(a)(1).  To determine a claimant's RFC, the ALJ incorporates a function-by-function assessment of a claimant's ability to do work-related activities.  Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *3 (July 2, 1996).  The United States Court of Appeals for the Fourth Circuit has held that such a function-by-function assessment requires ALJs to evaluate a "claimant's ability to perform the physical functions listed in [the regulations]," including "sitting, standing, walking, lifting, carrying, pushing, pulling or other physical functions [that] may reduce [a claimant's] ability to do past work and other work."  *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (citing 20 C.F.R. § 404.1545(b)).  "Only after such a function-by-function analysis may an ALJ express RFC in terms of the exertional levels of work" of which he believes the claimant to be capable.  *Monroe v. Colvin*, 826 F.3d 176, 179 (4th Cir. 2016) (citation omitted).  As outlined in *Dowling*, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by a 'narrative discussion describing [] the evidence' that supports it."  986 F.3d at 387 (quoting *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019)).  A proper RFC narrative is composed of: "(1) evidence; (2) [a] logical explanation; and (3) [a] conclusion."  *Jeffrey B. v. Saul*, No. 20-cv-1090-GLS, 2021 WL 797920, at *2 (D. Md. Mar. 2, 2021) (quoting *Dowling*, 986 F.3d at 388).  Through the narrative discussion, an ALJ must "build an accurate and logical bridge from the evidence to [her] conclusion."  *Id.* (quoting *Petry v. Comm'r, Soc. Sec. Admin.*, No. 16-cv-464-SAG, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017)).  In this case, the ALJ's evaluation of Plaintiff's RFC did not satisfy this requirement.

In *Dowling*, the Fourth Circuit remanded the plaintiff's case where the ALJ failed to conduct a function-by-function analysis as 20 C.F.R. § 416.945 requires.  986 F.3d at 388–89.  Specifically, the plaintiff argued that she experienced discomfort when sitting for long periods of time because of her irritable bowel syndrome and anal fissure.  *Id.* at 388.  Despite this, the ALJ "apparently concluded" that the plaintiff "was not restricted in her ability to sit, as he did not

indicate that her RFC was limited because of those impairments." *Id*. The Court held that this conclusion, that the plaintiff was able to perform sedentary work with no sitting restrictions "should have been the result of an analysis that was separate from the ALJ's appraisal of [plaintiff's] ability to perform other functions, and should have been accompanied by 'a narrative discussion describing' the evidence supporting it." *Id.* (citing *Thomas*, 916 F.3d at 311).

Here, like in *Dowling*, the ALJ failed to conduct a function-by-function analysis of Plaintiff's ability to perform work-related activities, particularly walking, standing, and sitting. Plaintiff testified at the hearing that she is only able to walk for approximately one and one-half blocks and stand for ten to fifteen minutes before needing to sit because of lower back and left knee pain. ECF No. 10-3, at 62–63. She also testified that she is only able to sit for twenty to thirty minutes before she experiences "shooting pain, a dull, aching, burning sensation" in her lower back. *Id.* at 63. She testified that on a "bad day", which she has three to four times a week, she does not leave the house because of the pain. *Id.* at 62. Nevertheless, the ALJ concluded that Plaintiff could perform "light work," with no walking, standing, or sitting restrictions. *Id.* at 24. Light work includes the ability to do a "good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). Nowhere in the ALJ's opinion does he specifically assess "the extent to which [Plaintiff's] alleged [walking, standing,] and sitting problems impacted her ability to perform [light] work." *Dowling*, 986 F.3d at 388. "The ALJ could not have supported a conclusion in this regard through a narrative discussion concerning the relevant evidence because he reached no such express conclusion in the first instance." *Id*. This failure warrants remand. *See Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (holding that remand is appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." (citing *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). *Cf. Holmes v. Colvin*, No. 13-cv-3546-TMD, 2015 WL 1402412, at *5–6 (D. Md. Mar. 25, 2015) (refusing to remand for failure to assess plaintiff's ability to sit and stand where ALJ's assessment provided an option for the plaintiff to alternate between sitting and standing at will).

The Commissioner argues that remand is not required here because the ALJ satisfied the "narrative discussion requirement" by "fully discussing the relevant evidence, medical opinion evidence, and prior administrative medical findings and explaining why it did not support Plaintiff's allegations." ECF No. 15, at 8. The Commissioner's argument is unpersuasive. First, as discussed above, the ALJ did not state any conclusions about Plaintiff's ability to walk, sit, and stand; therefore, there could be no narrative discussion. *Dowling*, 986 F.3d at 388. Second, although the ALJ references some of Plaintiff's physical impairments, for example, in his discussion of whether she sometimes uses assistive devices to walk, ECF No. 10-3, at 29, he does not reach any specific conclusions as to Plaintiff's capacity to walk, stand, and sit for the duration of the workday. *See Mascio*, 780 F.3d at 637 (remanding where the ALJ did not assess the plaintiff's ability to perform the functions for a full workday). To the extent the ALJ grouped Plaintiff's ability to walk, stand, and sit under his analysis of her "alleged significant limitations due to neck and low back pain," ECF No. 10-3, at 29, it "is a far cry from the 'function-by-function

*Carmen F. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. AAQ-25-0001
March 19, 2026
Page 7

analysis' the ALJ was required to conduct." *Dowling*, 986 F.3d at 388 (holding that the ALJ's "barely mention[ing]" the plaintiff's ability to sit while "rattling off a laundry list of her many impairments and functional restrictions" did not satisfy the function-by-function analysis requirements); *Jeffrey B.*, 2021 WL 797920, at *3 (remanding where "the ALJ failed to provide a separate analysis for his conclusion that the claimant had no sitting limitations, and instead attempted to group it with his analysis of her other functional limitations."). For the same reason, the ALJ's general discussion of the persuasiveness of medical opinions in the record, including opinions that make determinations about the amount of time Plaintiff can walk, stand, and sit in a workday, ECF No. 10-3, at 29–32, are not an adequate substitute for a function-by-function analysis.

The Commissioner's argument that "the ALJ's discussion of the record evidence and explanation of how each impairment is accounted for by a particular limitation in the RFC amply supports the conclusions and allows for judicial review," ECF No. 15, at 8, misunderstands the RFC analysis requirement. SSR 98-6p requires the ALJ "first identify the individual's functional limitations or restrictions and assess her work-related abilities on a *function-by-function* basis, including the functions in paragraphs (b), (c), and (d) of [20 CFR §§ 404.1545, 416.945]." SSR 98-6p, 1996 WL 374184, at *1 (emphasis added). By recounting Plaintiff's impairments and then simply stating the RFC, the ALJ skips over the important step of determining whether Plaintiff can perform the work functions that inform what the RFC will be. *See Dowling*, 986 F.3d at 388 (holding that an ALJ erred by determining the RFC first and only then concluding that the limitations caused by the plaintiff's impairments were consistent with the RFC). By structuring the opinion in this way, the ALJ failed to create a "logical bridge" between the evidence discussed and a conclusion related to Plaintiff's ability to perform work related functions. *See Emily W. v. Kijakazi*, No. 21-cv-01194-AAQ, 2022 WL 2681158, at *4 (D. Md. July 12, 2022) (remanding where the ALJ did not tie "the appropriate evidence to each of the ALJ's conclusions regarding the appropriate responsive limitation"). For example, because the ALJ did not conduct a function-by-function analysis, the Court is unable to assess a RFC holding that Plaintiff's "knee issues" limit her to only occasionally pushing, pulling, or operating foot controls with her lower extremities, ECF No. 10-3, at 33, but seemingly warrants no limit on her ability to walk and stand.

The Commissioner's citation to *Ladda v. Berryhill*, is unavailing. ECF No. 15, at 7, 14. The plaintiff in *Ladda* argued that "the ALJ did not perform a function-by-function analysis because the ALJ did not discuss [plaintiff's] reduced grip strength and limited use of his left leg and right hand." 749 F. App'x 166, 173 (4th Cir. 2018). However, in *Ladda*, the ALJ discussed the plaintiff's ability to "sit, stand, and walk, . . . explain[ing] that [the plaintiff's] physicians opined that the [plaintiff] did not need to rely on a cane or crutches." *Id.* The Fourth Circuit refused to remand because the plaintiff's capacity to stand, walk, and lift, "are all functions that are related" to the physical limitations plaintiff argued were not included in the function-by-function analysis. *Id.* Here, the ALJ provided no discussion of Plaintiff's ability to sit, stand and walk for the full workday; therefore, the Court does not have a similar record to assess the ALJ's analysis. *See Tina B. v. Kijakazi*, No. ADC-22-470, 2022 WL 17473016, at *4 n. 3 (D. Md. Dec.

*Carmen F. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. AAQ-25-0001
March 19, 2026
Page 8

6, 2022) ("Ladda is distinguishable from the present case as, there, the ALJ satisfied the requirements of *Mascio* by discussing 'Ladda's ability to sit, stand, and walk, and he explained that Ladda's physicians opined that Ladda did not need to rely on a cane or crutches.' . . . As will be explained, here, the ALJ performed no such function-by-function analysis.").

Finally, the error in this case was not harmless. Walking, standing, and sitting are all directly relevant to assessing Plaintiff's RFC given the evidence in the record indicating that Plaintiff might have limitations in this regard. *See, e.g.*, ECF No. 10-3, at 62–63 (Plaintiff's testimony as to her inability to walk, stand, or sit for prolonged periods of time); ECF No. 10-8, at 535; ECF No. 10-10, at 32, 35–38 (medical records documenting Plaintiff's three knee surgeries); ECF No. 10-9, at 44–46 (medical records discussing Plaintiff's back and neck pain and documenting cervical spinal stenosis, degenerative disc disease, lumbar spondylosis); ECF No. 10-9, at 38–42, 65–69 (two treating physicians' assessments that Plaintiff is limited in her ability to walk, sit, and stand). If the ALJ had found that, in addition to having limitations on pushing or pulling or operating foot controls with lower extremities and kneeling, crouching, stooping, balancing, and crawling, she was not able to walk, stand, or sit for a prolonged period of time, her RFC would be assessed differently. *See Dowling*, 986 F.3d at 389 ("[A]ssessing [plaintiff's] ability to sit is critically relevant to determining her disability status, as she likely would have been deemed incapable of performing sedentary work if the ALJ had found that . . . she was not able to sit for prolonged periods of time."). During the hearing, the vocational expert testified that if a hypothetical individual with Plaintiff's physical and mental limitations was limited to sedentary, rather than light work, no work in significant numbers in the national economy would be available. ECF No. 10-3, at 70–71. For similar reasons, while the Commissioner is correct that the Fourth Circuit's decision in *Mascio* does not set forth a "per se rule" requiring remand whenever an ALJ does not provide a narrative discussion for a specific function, ECF No. 15, at 10, in this case, remand is warranted. A per se rule was not adopted because the Fourth Circuit wanted to avoid remand where the ALJ did not discuss a function that is irrelevant or uncontested, but the functions in this case are all relevant and contested by Plaintiff. *Mascio*, 780 F.3d at 632 (holding that remand is appropriate "where an ALJ fails to assess a [plaintiff's] capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." (citing *Cichocki*, 729 F.3d at 177)).

Because the Court remands this case on other grounds, the Court need not address Plaintiff's remaining arguments. Regardless, the Commissioner also should address the other issues Plaintiff has raised. *See Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 98 n.1 (4th Cir. 2015) (per curiam) ("The Social Security Administration's Hearings, Appeals, and Litigation Law Manual 'HALLEX' notes that the Appeals Council will vacate the entire prior decision of an administrative law judge upon a court remand, and that the ALJ must consider de novo all pertinent issues.").

## III.   Conclusion

*Carmen F. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. AAQ-25-0001
March 19, 2026
Page 9

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 13, is GRANTED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is VACATED. This case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it is an Order of the Court and should be treated accordingly.

So ordered.

Sincerely,

/s/
Ajmel A. Quereshi
United States Magistrate Judge